IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | |
| Plaintiff,        ) | Docket No. 1:19-cr-66-RGA |
| ) | |
| v.        ) | |
| ) | |
| NIKOLAOS VASTARDIS,        ) | |
| EVRIDIKI NAVIGATION, INC.,        ) | |
| LIQUIMAR TANKERS        ) | |
| MANAGEMENT SERVICES, INC.        ) | |
| ) | |
| Defendants.        ) | |

**DEFENDANTS' JOINT OPPOSITION TO THE GOVERNMENT'S
MOTION TO INTRODUCE SUBSEQUENT REMEDIAL MEASURE EVIDENCE**

**COME NOW**, EVRIDIKI NAVIGATION, INC. ("Evridiki"), LIQUIMAR TANKERS MANAGEMENT SERVICES, INC. ("Liquimar"), and NIKOLAOS VASTARDIS ("Vastardis") (collectively, "Defendants"), by and through undersigned counsel, and submit this Opposition to the United States' (hereinafter the "government") Motion Regarding Defense Objection to Admission of Evidence (D.I. 112). The government improperly seeks to introduce the post incident "Non-Conformity Report" dated May 20, 2019.[1] Defendants oppose the application and respectfully argue as follows:

### I.    Rule 407 Applies in Criminal Cases

The government has suggested that Fed. R. Evid. 407 applies only to civil matters and *not* to criminal cases. Defendants respectfully submit that the government's position is incorrect and squarely at odds with the plain meaning of the Rule. Fed. R. Evid. 407 states:

---

[1] The government's proposed exhibit is a DNV-GL document entitled "Non Conformity Report", which includes responsive sections entitled Root Cause Analysis and Corrective and Preventive Actions which were completed by Liquimar following the USCG investigation and Class audit.

1

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> - negligence;
> - ***culpable conduct***;
> - a defect in a product or its design; or
> - a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures.

Fed R Evid Rule 407 (emphasis added).

There is no limiting language contained in Rule 407 which stands for the proposition that the bar on subsequent remedial measures is limited only to civil cases. The analysis of the plain language of the rule expressly states that its purpose is to bar the admission of a subsequent remedial measure to prove, *inter alia*, "culpable conduct." *Id*. The legal definition of "culpable" has regularly been held to be synonymous with "criminal." *See e.g.*, *Merriam-Webster (defining culpable as "archaic: guilty, criminal");*[2] *Black's Law Dictionary* 314 (5th ed. 1979) (defining "culpable" as "blamable; censurable; *criminal*; involving the breach of a legal duty or the commission of a fault. That which is deserving of moral blame" (emphasis added)); *United States v. Williams*, 421 F.2d 600, 602 (10th Cir. 1970) (equating "culpable" with "criminal"); *United States v. Smith*, 6 C.M.R. 377, 379 (Army Board of Review 1952) (noting that "the word 'culpable' is often defined as and used interchangeably with the word 'criminal'" (citing *Bouvier's Law Dictionary* 736)). If the plain meaning of culpable is that it is 'criminal'; then Rule 407 properly applies in criminal matters.

---

[2] https://www.merriam-webster.com/dictionary/culpable, last accessed December 12, 2019.

Furthermore, Fed. R. Evid. Rule 1101(b), states in relevant part: "These rules apply in: civil cases and proceedings . . . [and] criminal cases and proceedings . . . ." Thus, the plain language of Rule 1101(b) renders Rule 407 (and every other Federal Rule of Evidence) generally applicable in both civil and criminal cases. Rule 1101(b) is one of the most important rules in the Fed. R. Evid. because it establishes the scope of every other rule.[3] The plain language of Rule 1101(b) makes clear that any argument that Rule 407 (or any other rule of evidence) *only* applies (or should only apply) in civil matters is without merit. *See United States v. Arias*, 431 F.3d 1327, 1336 (11th Cir. 2005) (observing that "the plain language of Rule 1101(b) renders each of the Federal Rules of Evidence . . . generally applicable to criminal cases and proceedings"); *United States v. Bailey*, 327 F.3d 1131, 1145 (10th Cir. 2003) ("Rule 1101(b) explicitly states that the rules of evidence 'apply generally' to criminal cases and criminal proceedings." (quoting *United States v. Skeddle*, 176 F.R.D. 254, 256–57 (N.D. Ohio 1997)) (explaining that "the drafters of the Federal Rules of Evidence were aware of the scope and breadth of the rules and that these rules would be applied in criminal cases")). Accordingly, Rule 407 is available for use in this case.

## II. The Subsequent Investigation, Inspection, and Root Cause Analysis conducted by Defendant Liquimar Tankers Management Services, Inc. is a Subsequent Remedial Measure which is Inadmissible to Prove Culpability.

Rule 407 is designed to serve two (2) purposes. First, it was promulgated in recognition that a subsequent remedial measure is "not in fact an admission" of responsibility for past conduct. *See* Fed. R. Evid. 407, adv. cmt. notes. Second, the Rule serves the laudable goal of not

---

[3] This contextual reading of Rule 407 is further supported by the fact that the drafters of the FRE purposefully stated that certain parts of a criminal matter are excluded from the FRE. In fact, in later subsections of Rule 1101, the drafters specifically excluded the FRE from applying to grand jury proceedings; preliminary examinations in criminal cases; sentencing, or granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise. *See* Fed. R. Evid. 1101(d)(2)–(3). Simply put, if Rule 407 were meant to be excluded from use in criminal matters, the Federal Rules of Evidence would say so.

discouraging individuals from remedying prior deficiencies. *Id.* Here, Defendant Liquimar (as the Document of Compliance holder and operator of the Vessel under the meaning of the ISM code), performed a Root Cause Analysis as part of its response to the Coast Guard's Port State detention and Classification Society's non-conformity report which cites to and referenced (the inadmissible) language from the USCG's Port State Control Report Form B. The remedial investigation and subsequent recommendations by Liquimar as part of its response to ensure compliance with rules and regulations onboard the Vessel are the exact kind of "subsequent remedial measure" Rule 407 is intended to preclude. *Werner v. Upjohn Co., Inc*. 628 F.2d 848, 857 (4th Cir. 1980).

In another APPS case which proceeded to trial before U.S. District Judge Callie Granade in the Southern District of Alabama, the Court held that evidence of a similar subsequent remedial measure was properly to be excluded. *See United States v. DSD Shipping, A.S.*, et al., 1:15-cr-103-CG (S.D. Ala. Sept. 29, 2015) (copy of Opinion attached as **Exhibit 1**). In that case, the District Court precluded the government's introduction of the defendant manager's replacement of the Oily Water Separator onboard the vessel. In reaching her decision, Judge Granade held:

> The Court would agree that the possibility that subsequent remedial measures will be taken does not arise under most criminal contexts. There simply is no way for a party to do something to alleviate the danger or eliminate the possibility of future harm in most criminal cases. However, where, as here, subsequent remedial measures are possible in a criminal case, Rule 407 does not state that the case is excluded from its application.

*Id.*, p 3.

In another recent matter, the District Court for the Eastern District of Michigan excluded a tug owner and the Chief Engineer's efforts to clean up the engine room and correct alleged violations and deficiencies cited by the Coast Guard as subsequent remedial measures. *United States v. Patrick*, 2016 U.S. Dist. LEXIS 155357, *14 (E.D. Mich. 2016) ( holding "any clean-up

of the oil, repair of the engine room, or alterations to the by-pass system following the investigation is irrelevant under Rule 407 to the extent the Government seeks to introduce it to prove defendants' culpability."). And, as this Court recently held in *United States v. Gibson*, the actions taken by the Defendants in *DSD Shipping*, *Patrick*, and by Liquimar is the exact type of post-investigation remedial repairs which Rule 407 is intended to preclude. *Gibson*, 2018 U.S. Dist. LEXIS 25665, *10 (D. Del. 2018). As Your Honor held, "Rule 407 rests in part 'on a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety.'" *Id.,* (citing Fed. R. Evid. 407 advisory committee's notes on proposed rules); *see also, United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927 (N.D. Ca. 2016).

The steps taken by Liquimar to perform and report the findings of its Root Cause Analysis and ensure that there was no future safety or environmental risks posed by the Vessel or the crew onboard is the exact type of action to "eliminate the possibility of future harm" which can and should be excluded from trial here under Rule 407.

### III. The Evidence is Unfairly Prejudicial and the Prejudice Substantially Outweighs Any Probative Value.

The Root Cause Analysis is not relevant and therefore is excludable pursuant to Rule 407 alone. Notwithstanding, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The trial court is vested with broad discretion in ruling upon the relevancy and admissibility of evidence." *United States v. Anderson*, 872 F. 2d 1508, 1515 (11th Cir. 1989) (citing *United States v. 110 Bars of Silver, 3 Crucibles of Silver, 11 Bags of Silver Coins*, 508 F.2d 799, 802 (5th Cir.), *cert. denied*, 423 U.S. 861 (1975); *see Hamling v. United States*, 418 U.S. 87, 124-27 (1974)). And it is well within the Court's discretion "to exclude irrelevant,

Case 1:19-cr-00066-RGA Document 113 Filed 12/13/19 Page 6 of 7 PageID #: 1381

confusing, and misleading evidence." *Anderson*, 872 F. 2d at 1518 (quoting *United States v. Jordan*, 627 F.2d 683, 686 (5th Cir. 1980)).

Evidence of the subsequent remedial measure is of limited probative value. *Keller v. United States*, 38 F.3d 16, 31 (1st Cir. 1994) ("At best, subsequent remedial measures are considered marginally probative of prior negligence."); *see also Columbia & P. S. R. Co. v. Hawthorne*, 144 U.S. 202, 207 (1892) ("[T]he taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant.").

The same outcome is warranted here. Evidence of the efforts taken to cooperate with the Coast Guard and Classification Society investigations and to prepare recommended corrective measures to institute onboard is of no value to the jury in determining whether the Organizational Defendants are vicariously responsible for the failure to maintain an accurate Oil Record Book while in U.S. waters. The evidence is only probative of potential culpable conduct – a use prohibited by Rule 407. *See* Fed. R. Evid. 407. Conversely, the risk of unfair prejudice from this evidence is great. This evidence is likely to confuse or mislead the jury by distracting it from the government's burden to prove the necessary elements of each charge, leading the jury to conclude culpability, instead, on the basis of the findings and recommendations from the Root Cause Analysis completed two (2) months later. As such, it should be excluded pursuant to Fed. R. Evid. 403. *Bogosian v. Mercedes-Benz of N. Am.*, 104 F.3d 472 (1st Cir. 1996); *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Lastly, the prejudice to Defendants Vastardis and Evridiki Navigation clearly outweighs any possible probative value that the admission of the Non-Conformity Report arguably has. This

evidence has absolutely no relevance to either defendant, but substantially prejudices each of them. Prejudicial evidence that confuses the issues and can mislead the jury must be excluded because the evidence "might [cause] the jury to base its verdict on highly speculative evidence" rather than a defendant's "guilt or innocence." *United States v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011).

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendants requests that the Court deny the government's motion in its entirety, as the evidence should be excluded as a subsequent remedial measure pursuant to Federal Rule of Evidence Rule 407 and Rule 403, and for such other and further relief as is just and equitable.

Dated: December 12, 2019
Oyster Bay, New York

Respectfully submitted,

**CHALOS & CO, P.C.**

/s/ George M. Chalos
George M. Chalos
Briton P. Sparkman
Attorneys for Organizational Defendants
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel:   (516) 714-4300
Fax:   (516) 750-9051
Email: gmc@chaloslaw.com
       bsparkman@chaloslaw.com


/s/ Bruce M. Merrill
Bruce M. Merrill
225 Commercial Street, Suite 501
Portland, Maine 04101
Tel:   (207) 775-3333
Fax:   (207) 775-2166
Email: mainelaw@maine.rr.com
Attorney for the Defendant,
Nikolaos Vastardis