UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No.    19-66-RGA |
| NIKOLAOS VASTARDIS, | ) | |
| EVRIDIKI NAVIGATION, INC., | ) | |
| LIQUIMAR TANKERS | ) | |
| MANAGEMENT SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL INSTRUCTIONS

December 18, 2019

i

# TABLE OF CONTENTS

FINAL INSTRUCTIONS ............................................................................................................. i

    Juror's Recollection Controls ................................................................................................ 1

    Opinion Evidence (Expert Witness) ..................................................................................... 2

    Credibility of Witnesses – Coast Guard Officers ................................................................ 3

    Nature of the Indictment ...................................................................................................... 4

    False In One, False In All ..................................................................................................... 5

    Not All Evidence, Not All Witnesses Needed ..................................................................... 6

    Defendant's Choice Not To Testify ...................................................................................... 7

    "On Or About" Defined ........................................................................................................ 8

    Multiple Defendants Charged With The Same Offenses ..................................................... 9

    Corporate Defendants ......................................................................................................... 10

THE CHARGES ...................................................................................................................... 11

    Count 1: Act to Prevent Pollution from Ships ................................................................... 11

    The Act to Prevent Pollution from Ships ........................................................................... 12

    "Willfully" Defined ............................................................................................................. 13

    Count 2: Obstruction of Justice ......................................................................................... 14

    Count 3: Obstruction of Justice ......................................................................................... 15

    "Corruptly" Defined ........................................................................................................... 16

    Count 4: False Statement .................................................................................................... 17

    "Knowingly" Defined ......................................................................................................... 18

    Corporate Liability ............................................................................................................. 19

    Proof of State of Mind –Intentionally, Knowingly, Willfully ........................................... 21

DELIBERATIONS AND VERDICT ....................................................................................... 22

    Election of Foreperson, Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court ................................................................................................... 22

    Verdict Form ...................................................................................................................... 25

**Juror's Recollection Controls**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your own recollection of that evidence which should control during your deliberations and not the statements of the Court or of counsel. You are the sole judges of the evidence received in this case.

**Opinion Evidence (Expert Witness)**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there is an exception for qualified experts.

In this case, you heard testimony from Mr. James Dolan. The opinions this witness stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony, you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in the instructions for weighing the testimony of witnesses. You may disregard an opinion entirely if you decide that the expert witness's opinions are not based on sufficient knowledge, skill, experience, training, or education.

You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

**Credibility of Witnesses – Coast Guard Officers**

You have heard the testimony of United States Coast Guard officers. The fact that a witness is employed as a Coast Guard officer does not mean that his testimony necessarily deserves more or less consideration  or greater or lesser weight than  that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the believability of a Coast Guard witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case. You must decide, after reviewing all the evidence, whether you believe the testimony of the witness and how much weight, if any, it deserves.

3

## Nature of the Indictment

As you know, the defendants have been charged in an Indictment with violating several federal laws. As I explained at the beginning of trial, an Indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An Indictment is simply a description of charges against a defendant. It is an accusation only. An Indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

4

### False In One, False In All

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

## Not All Evidence, Not All Witnesses Needed

Although the government is required to prove a defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. A defendant is not required to present any evidence or produce any witnesses.

## Defendant's Choice Not To Testify

Nikolaos Vastardis and the corporate defendants did not testify in this case. A defendant has an absolute constitutional right not to testify. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he or it is innocent. You must not attach any significance to the fact that Mr. Vastardis or the corporate defendants did not testify. You must not draw any adverse inference against them because Mr. Vastardis or the corporate defendants did not take the witness stand. Do not consider, for any reason at all, the fact that Mr. Vastardis and the corporate defendants did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

### "On Or About" Defined

You will note that the offenses are described as being committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offenses. It is sufficient if the government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

**Multiple Defendants Charged With The Same Offenses**

The defendants in this case are Nikolaos Vastardis, Evridiki Navigation, Inc., and Liquimar Tankers Management Services, Inc. All three are charged with multiple offenses; each offense is charged in a separate count of the Indictment. The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. Also, in our system of justice, guilt or innocence is personal and individual. You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each offense. For each defendant and offense, you must decide whether the government has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses. Each defendant and each offense should be considered separately.

## Corporate Defendants

The fact that Evridiki Navigation, Inc., and Liquimar Tankers Management Services, Inc. are corporations should not affect your verdict. Under the law a corporation is considered a person and all persons are equal before the law. Corporations are entitled to the same fair and conscientious consideration by you as any other person.

## THE CHARGES

### Count 1: Act to Prevent Pollution from Ships

In order to convict Defendant Vastardis of Count One, the government must prove each of the following beyond a reasonable doubt:

First:      that the M/T Evridiki was an oil tanker measuring 150 gross tons or more; and

Second:      that on or about March 11, 2019, in the District of Delaware, Defendant Nikolaos Vastardis knowingly and willfully caused the Master of the M/T Evridiki to fail to maintain an accurate Oil Record Book onboard the M/T Evridiki while in U.S. waters; and

Third:      that the failure to maintain the Oil Record Book occurred while the M/T Evridiki was in the navigable waters of, or at a port or terminal of, the United States. For purposes of this third element, I instruct you that Big Stone Anchorage is within the navigable waters of the United States.

11

## The Act to Prevent Pollution from Ships

The first charge against all three Defendants is that they knowingly failed to maintain an accurate oil record book. In regard to this charge, you have heard evidence about events that occurred outside of U.S. navigable waters, and you have heard evidence about events that occurred in the Delaware Bay, which is within U.S. navigable waters. Only the knowing failure to maintain an accurate oil record book while within U.S. navigable waters such as the Delaware Bay is a crime.

The law is that the Master or other person in charge of the ship is the person whose responsibility it is to maintain an accurate oil record book. It is also the law that a person who does not have the responsibility can be charged with the crime of willfully causing another person (i.e., the Master) to fail to maintain an accurate oil record book.

If anyone on the M/T Evridiki discharged water with greater than 15 ppm oil into the ocean while outside of U.S. navigable waters, that might be inconsistent with the requirements of an international treaty called the MARPOL, but any such inconsistencies would not be violations of U.S. criminal law. There are no charges in this case that there were any discharges of oil that violated U.S. law.

12

## "Willfully" Defined

For defendant Vastardis to be guilty of Count One – failing to maintain an accurate Oil Record Book in violation of the Act to Prevent Pollution from Ships, , the government must prove beyond a reasonable doubt that Vastardis "willfully" caused the failure to maintain an Oil Record Book while in U.S. waters. This means the government must prove beyond a reasonable doubt that Vastardis knew his conduct was unlawful and intended to do something that the law forbids. That is, to find that Vastardis acted "willfully," you must find that the evidence proved beyond a reasonable doubt that that defendant acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that a defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

Vastardis may be guilty of causing that crime, under the instructions I have given to you, if Vastardis knew that as a result of his acts and omissions that the Oil Record Book would not be fully and accurately maintained. Thus, to find Vastardis guilty of causing another person to commit a crime, it is not necessary that that person be charged in the indictment, or even know of the offense, so long as you find beyond a reasonable doubt that Vastardis willfully caused the other person to commit the offense.

13

## Count 2: Obstruction of Justice

In order to convict defendant Vastardis of Count Two, the government must prove each of the following elements beyond a reasonable doubt:

First:      That Nikolaos Vastardis knowingly concealed, covered up,
            falsified, or made false entries relating to the use of pollution
            prevention equipment when discharging oily bilge water in a
            record, document, or tangible object, namely the Oil Record Book
            onboard the M/T EVRIDIKI on or about February 20, 2019 to
            March 11, 2019; and

Second:     That Nikolaos Vastardis acted with the intent to impede,
            obstruct, or influence the investigation or proper administration
            of any matter within the jurisdiction of any department or
            agency of the United States, or in relation to or in contemplation
            of any such matter or case.

### Count 3: Obstruction of Justice

In order to convict defendant Vastardis of Count Three, the government must prove each of the following elements beyond a reasonable doubt:

First:       that Nikolaos Vastardis endeavored to influence, obstruct, or impede a pending proceeding by doing, or causing to be done:

(a) the ship's master presented Coast Guard inspectors with an Oil Record Book that falsely reported that required pollution prevention equipment had been used properly when discharging oily bilge water; or

(b) when asked by USCG inspectors to demonstrate how the OWS was operated at sea, Defendant Vastardis ran the Oil Content Meter with the sample line closed in order to trick the system into reporting an oil content of less than 15 ppm; or

(c) when asked by USCG inspectors to describe the position the OCM sample line valve during at-sea operations, Defendant Vastardis falsely stated that the valve was "open";

Second:    that Nikolaos Vastardis acted corruptly; and

Third:      that Nikolaos Vastardis knew that there was a pending agency proceeding under law.

In Count 3, the defendants are alleged to have committed three separate obstructive acts. While you may find that none, some, or all were proved beyond a reasonable doubt, if you find any of the defendants guilty of this count, then you must be unanimous with regard to at least one of the three charged obstructive acts.

15

### "Corruptly" Defined

The term "corruptly" means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information.

## Count 4: False Statement

With respect to Count Four, the government must prove the following essential elements beyond a reasonable doubt:

First:      that defendant Vastardis knowingly and intentionally made a statement, in this instance that the when the vessel's Oily Water Separator was run at sea during normal operations, that the valve on the sample line to the Oil Content Meter was fully open;

Second:    that the statement was false;

Third:     that the statement concerned a material fact;

Fourth:    that the statement was made about a matter within the jurisdiction of the United States Coast Guard, an agency of the Department of Homeland Security, in this instance an examination to determine the vessel's compliance with United States law; and

Fifth:     that defendant Vastardis knew the statement was untrue when he made it.

17

### "Knowingly" Defined

The offenses charged in Counts One through Four of the Indictment require that the government prove that Defendant Vastardis acted "knowingly" with respect to certain elements of the offenses. This means that the government must prove beyond a reasonable doubt that Vastardis was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether Vastardis acted "knowingly," you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

**Corporate Liability**

Evridiki Navigation, Inc. and Liquimar Tankers Management Services, Inc. are also charged as defendants in Counts One through Four.

A corporation is a legal entity that may act only through individuals who are called its agents. The agents of a corporation are its employees and other persons who are authorized by the corporation to act for it.

You must give to a corporate defendant the same impartial consideration of the evidence that you would give to an individual defendant. You may find a corporate defendant guilty or not guilty of the offense charged under the same instructions that apply to an individual.

The legal responsibility of a corporation, if any, is based on the conduct of its agents. To find a corporation guilty, you must find that the government proved beyond a reasonable doubt each of the following three (3) requirements as to that defendant:

First: That each of the elements was committed by an employee or other agent of the corporations.

Second: That each of the acts committed by an employee or other agent of the corporations were within the course and scope of the employment or agency given to them by the corporation; and

Third: That an employee or other agent of the corporations committed each of these acts with the intent to benefit the corporation, at least in part.

In order to find that an act was committed within the course and scope of the employment or agency given to an employee, or other agent of the corporations, the evidence must prove that the act related directly to the general duties that an employee

19

or other agent of the corporations was expected to perform by the corporation. However, the government does not need to prove that the act was authorized by the corporation formally or in writing.

An employee or other agent of the corporations was not acting within the course and scope of employment if that person performed an act which the corporation, in good faith, had forbidden that person to perform. A corporate defendant is not responsible for acts which it tries to prevent. However, a corporate defendant, like an individual defendant, may not avoid criminal responsibility by meaningless or purely self-serving pronouncements.

In order to convict defendant Evridiki Navigation, Inc. or Liquimar Tankers Management Services, Inc. of each count, the government must prove the count against Vastardis. It must also prove the following beyond a reasonable doubt:

> First: That Nikolaos Vastardis was an employee or agent of Evridiki Navigation, Inc. or Liquimar Tankers Management Services, Inc.;
>
> Second: That Nikolaos Vastardis was acting within the course and scope of his agency or employment; and
>
> Third: That Nikolaos Vastardis did so with the intent to benefit, at least in part, Evridiki Navigation, Inc. or Liquimar Tankers Management Services, Inc.

**Proof of State of Mind –Intentionally, Knowingly, Willfully**

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, a person's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine a state of mind at a particular time, you may consider evidence about what a person said, what a person did and failed to do, how a person acted, and all the other facts and circumstances shown by the evidence that may prove what was in a person's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about a person's state of mind.

You may also consider the natural and probable results or consequences of any acts a person knowingly did, and whether it is reasonable to conclude that a person intended those results or consequences. You may find, but you are not required to find, that a person knew and intended the natural and probable consequences or results of acts he knowingly did. This means that if you find that an ordinary person in that person's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that the person did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.

## DELIBERATIONS AND VERDICT

**Election of Foreperson, Unanimous Verdict; Do Not Consider Punishment;
Duty to Deliberate; Communication with Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: By custom of this Court, Juror Number 1 is the foreperson. This person will speak for the jury here in court. She will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third: If you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the

22

jury.

Fifth: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved any of the defendants guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

If you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth: Once you start deliberating, do not talk, communicate with, or provide any

23

information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, LinkedIn, Instagram, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

## Verdict Form

A verdict form has been prepared that you should use to record your verdict.

Take this form with you to the jury room.  When you have reached your unanimous verdict, the foreperson should write the verdict on the form, date and sign it, and then the rest of you should sign it, return it to the courtroom, and give the form to my courtroom deputy to give to me. If you decide that the government has proved a defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved a defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Act. No. 19-66-RGA |
| NIKOLAOS VASTARDIS, | ) | |
| EVRIDIKI NAVIGATION, INC., | ) | |
| LIQUIMAR TANKERS | ) | |
| MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## VERDICT

Do you, the jury, find, beyond a reasonable doubt, that Defendant Nikolaos Vastardis is guilty of Count 1?

Yes_____                              No_____


Do you, the jury, find, beyond a reasonable doubt, that Defendant Nikolaos Vastardis is guilty of Count 2?

Yes_____                              No_____


Do you, the jury, find, beyond a reasonable doubt, that Defendant Nikolaos Vastardis is guilty of Count 3?

Yes_____                              No_____


Do you, the jury, find, beyond a reasonable doubt, that Defendant Nikolaos Vastardis is guilty of Count 4?

Yes_____                              No_____

Do you, the jury, find, beyond a reasonable doubt, that Defendant Evridiki Navigation, Inc., is guilty of Count 1?

   Yes_____      No_____

Do you, the jury, find, beyond a reasonable doubt, that Defendant Evridiki Navigation, Inc., is guilty of Count 2?

   Yes_____      No_____

Do you, the jury, find, beyond a reasonable doubt, that Defendant Evridiki Navigation, Inc., is guilty of Count 3?

   Yes_____      No_____

Do you, the jury, find, beyond a reasonable doubt, that Defendant Eviridiki Navigation, Inc., is guilty of Count 4?

   Yes_____      No_____

Do you, the jury, find, beyond a reasonable doubt, that Defendant Liquimar Tankers Management Services, Inc., is guilty of Count 1?

   Yes_____      No_____

Do you, the jury, find, beyond a reasonable doubt, that Defendant Liquimar Tankers Management Services, Inc., is guilty of Count 2?

   Yes_____      No_____

Do you, the jury, find, beyond a reasonable doubt, that Defendant Liquimar Tankers Management Services, Inc., is guilty of Count 3?

   Yes_____      No_____

Do you, the jury, find, beyond a reasonable doubt, that Defendant Liquimar Tankers Management Services, Inc., is guilty of Count 4?

Yes_____                         No_____


_____          _____
Foreperson                       Juror #2

_____          _____
Juror #3                         Juror #4

_____          _____
Juror #5                         Juror #6

_____          _____
Juror #7                         Juror #8

_____          _____
Juror #9                         Juror #10

_____          _____
Juror #11                        Juror #12