# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENERAL ORDER 20-16
April 13, 2020

IN RE:  CORONAVIRUS PUBLIC EMERGENCY

PROCEDURAL ORDER CONCERNING APPOINTMENT OF COUNSEL
AND MOTIONS FOR EARLY RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)

Various organizations have been contacting the Federal Public Defender Office for the District of Massachusetts ("FPD") and identifying certain federal prisoners who may be particularly vulnerable to the coronavirus, whether by reason of age, medical condition, or otherwise, and who for that reason may be appropriate candidates for consideration for early release under 18 U.S.C. § 3582(c)(1).  In order to facilitate the identification of such candidates and the determination of their eligibility for such release, it is hereby ordered:

1. The U.S. Probation Office for the District of Massachusetts shall disclose to the FPD, upon request, the Presentence Report ("PSR") of a prisoner sentenced in the District for the purposes of determining the eligibility of that prisoner for early release under 18 U.S.C. § 3582(c)(1), assigning counsel to the prisoner, and where appropriate preparing motions for relief.  The FPD may further disclose the PSR of a specific prisoner to Criminal Justice Act ("CJA") counsel who is appointed to represent that prisoner in accordance with the procedures below.

2. Any such request by the FPD for disclosure of a PSR shall be made only if there is a good-faith basis for believing that the specific prisoner is a potential candidate for early release.

3. Any PSR disclosed pursuant to this Order shall be used for the purposes of identifying potential candidates for early release, determining their eligibility, and, if appropriate, seeking such relief, and shall not be used for any other purpose. Any PSR disclosed pursuant to this Order shall not be redisclosed to anyone except as provided herein. The FPD shall store any PSRs for prisoners who it did not previously represent in a separate folder with access restricted to those working on the cases.

4. If the FPD determines that there is a potential conflict of interest or other ethical issue precluding its involvement in the review of the eligibility of a particular prisoner for early release, it shall promptly notify the Court, which shall designate CJA counsel to perform the review.

5. The Probation Office shall notify the United States Attorney's Office ("USAO") of any disclosure of a PSR made pursuant to this Order, and shall provide copies of such PSRs to the government upon request. The Probation Office shall maintain a list of any disclosures made pursuant to this Order.

6. In the case of a prisoner who previously was found to be indigent and was represented by the FPD, the FPD is hereby appointed to represent the person for purposes of determining eligibility for early release and, where appropriate, seeking relief.

7. In the case of a prisoner who previously was found to be indigent and was represented by CJA counsel who is a member of the current CJA panel, the FPD will contact the CJA counsel and determine whether he or she wishes to provide further representation.

    a. If the CJA counsel expresses a willingness to represent the defendant, he or she shall file a motion to be appointed under 18 U.S.C. § 3600A(c) for purposes of

      determining eligibility for early release and, where appropriate, seeking relief.

    b. If the CJA counsel is either unavailable or unwilling to undertake the representation, the FPD may either (1) undertake the representation or (2) assign the matter to another CJA counsel. Such assignment shall be made randomly to any CJA counsel (including members of the district court, appellate, and habeas panels) who has volunteered to handle such cases. Once assigned, CJA counsel shall file a motion to be appointed under 18 U.S.C. § 3600A(c) for purposes of determining eligibility for early release and, where appropriate, seeking relief.

8. If the FPD identifies a prisoner who was not previously found to be indigent, but who now appears to be indigent, the FPD shall obtain a financial affidavit (CJA Form 23) from the defendant, and submit the completed form, along with a motion to be appointed as counsel, to the Court.

9. The FPD or CJA counsel may file an emergency motion for early release before the prisoner has been found indigent or before a motion for appointment as counsel has been allowed.

10. If the FPD either (a) determines that no colorable claim exists or (b) refers the case to CJA counsel, the FPD shall promptly delete all electronic copies and destroy all paper copies of any PSR it received for a prisoner who it did not previously represent.

11. The USAO shall respond to any emergency motion for early release filed by counsel within five days.

12. The USAO shall promptly notify the FPD of any *pro se* filings seeking early release under 18 U.S.C. § 3582(c)(1) and shall maintain a list of such filings.

13. The determination whether a particular prisoner should be granted early release or other relief under 18 U.S.C. § 3582(c)(1) shall be made by the assigned judicial officer, and nothing in this Order is intended to supersede or otherwise affect the standards imposed by law for obtaining such relief.

14. This Order shall remain in place as an emergency measure until further order of the Court.

**So Ordered.**

Dated:  April 13, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

4